UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN B. BOWLING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-2059-JMS-TAB |
| ) | |
| SUPERINTENDENT, PLAINFIELD ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. | |

**Entry Denying Motion to Dismiss and Directing Further Proceedings**

The petition of Steven Bowling for a writ of habeas corpus challenges a prison disciplinary proceeding in IYC 15-11-0197 in which he was charged the offense of intoxicants (hooch). Mr. Bowling was found guilty of the charge and sanctions were imposed including a 30-day deprivation of earned credit time. Presently before the Court is the respondent's motion to dismiss, arguing that Mr. Bowling failed to exhaust his available administrative remedies before filing this action.

The respondent moves to dismiss Mr. Bowling's petition on the ground that he failed to file the second administrative appeal and, because he can no longer do so, has procedurally defaulted his claims. In response, the petitioner asserts that he attempted to exhaust his administrative remedies, but inadvertently failed to put sufficient postage on the second administrative appeal. He further asserts that due to Indiana Department of Correction ("IDOC") mail policy, he was unable to verify the correct postage necessary prior to mailing the appeal. The respondent asserts in his motion to dismiss that proper postage is the responsibility of the inmate.

However, he fails to support this assertion with reference to IDOC policy or other authority. The respondent did not respond to the petitioner's response.

## II. Legal Standard

The IDOC Adult Disciplinary Procedures provides for the following administrative appeals for disciplinary sanctions: (1) an appeal must be filed to the Facility Head within fifteen (15) days of the hearing date or the receipt of the report of disciplinary hearing; and (2) following an unsuccessful appeal to the Facility Head, a petitioner must appeal to the IDOC Appeals Review Officer within fifteen (15) days from the date he receives a response from the Facility Head. The first appeal occurs entirely intra-facility, while the second appeal requires the inmate to mail the appeal to a central office in Indianapolis.

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). However, a federal habeas court will consider a procedurally defaulted claim "if the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009) (citation and quotation marks omitted).

### III. Discussion

"Procedural default may be excused . . . if the petitioner can show both cause for and prejudice from the default." *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013); *see Dupree v. Jones*, 281 Fed. Appx. 559, 560 (7th Cir. 2008) ("A state prisoner seeking restoration of lost good-time credits must exhaust state-court remedies before turning to federal court, or else show cause and prejudice for failing to exhaust."). Mr. Bowling's arguments regarding his inability to accurately determine the correct postage for the second administrative appeal are clearly an attempt to invoke this exception to the procedural default doctrine.

"To establish cause for [a] default, a petitioner ordinarily must show that some external impediment blocked him from asserting his federal claim in state court." *Perruquet,* 390 F.3d at 514-15; *see Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) ("Cause is defined as an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding.") (citation and quotation marks omitted). "[S]ome interference by officials, [which] made compliance [with the procedural rule] impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The Seventh Circuit in *Johnson* examined what constitutes good cause in circumstances similar—but certainly not the same—as this case, and it is therefore instructive. To constitute good cause, the impediment alleged by the prisoner must make compliance with the state procedural rule at issue "'impracticable' and it must be a factor 'external' (that is, not attributable) to him." *Johnson*, 786 F.3d at 508. Here, the respondent asserts the factor (correct postage) is attributable to the petitioner, but as noted by the Court above, does not explain how inmates are able to correctly determine postage. In contrast, the petitioner responds he was unable to verify the correct postage prior to mailing the appeal based on how the IDOC handles inmate mail. For these reasons,

and based on the lack of any specific evidence on these points by the respondent, Mr. Bowling's claims cannot be satisfactorily resolved on the basis of his procedural default.

The respondent's motion to dismiss [dkt. 7] is **denied**.

The respondent shall have **through December 6, 2016**, in which to file any further response to Mr. Bowling's petition for writ of habeas corpus. Mr. Bowling shall have **thirty (30) days** from the filing date of the respondent's response in which to file a reply.

**IT IS SO ORDERED.**

Date:   11/10/2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

STEVEN B. BOWLING
113869
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391

Electronically registered counsel