UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN B. BOWLING, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:16-cv-2059-JMS-TAB ) |
| SUPERINTENDENT, | ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Steven B. Bowling for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 15-11-0197, in which he was found guilty of possession of intoxicants (hooch). For the reasons explained in this Entry, Mr. Bowling's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits without due process. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On November 18, 2015, Sgt. R. Layman wrote a Report of Conduct that charged Mr. Bowling with possession of intoxicants (hooch). The Conduct Report states:

> On 11-18-15, at approximately 11:10am, I, Sergeant R. Layman was conducting a video review on a 231-B case at which time I clearly observed and identified Offender Bowling, Steven #113869 (G1-08L) as being involved in the use/possession of intoxicants. The actual incident occurred on 10-16-15, with an approximate time frame of 6:15pm to 6:25pm. With the original 231-B case, Sgt. Eads had conducted a bed area search of G1-14 and found a property box containing the intoxicants/hooch.

[Dkt. 12-1].

On January 31, 2016, Mr. Bowling was notified of the charge possession of intoxicants when he was served with the Conduct Report and the Notice of Disciplinary Hearing. Mr. Bowling was notified of his rights and pled not guilty. He requested a lay advocate. He requested a witness but did not identify any witness he wanted called. He requested the video from 6:16 pm – 6:25 pm on October 16, 2015, of the middle, latrine, and back rows 1-2. [Dkt. 12-2]. Mr. Bowling's request to view the video was denied because it would jeopardize the safety and/or security of the facility. A summary of the video recording was provided and stated:

> On 12-09-2015, I, Officer Faudrae reviewed video for an incident in South Dorm "G" Unit. I monitored cameras G Unit Middle and South G Latrine Hall and G Unit Back Rows 1-2.
>
> I was able to clearly identify and observe Offender Bowling, Steven #113869 carry a five gallon bucket from bed area G1-08 to the G latrine, pour water into the bucket and then take the bucket to bed area G1-14. Offender Bowling is observed spraying air freshener on several occasions while also looking around the bed area. A second offender walks up to the G1-14 where Offender Bowling is sitting and I observed Offender Bowling give this second offender a white bowl and then this second offender drinks out of the white bowl. This second offender also sprays air freshener into the air. I then observe both offenders leaving G1-14, Offender Bowling has the white bucket in his right hand, which he sets down in bed area G1-08 and then he proceeds to the G latrine where he throws a plastic bag away and rinses out a plastic container.

[Dkt. 12-4].

The hearing officer conducted a disciplinary hearing in IYC 15-11-0197 on January 20, 2016. Mr. Bowling's comment was "I'm really dumbfounded by this. I have a 5 gallon bucket and (illegible) bag. I might have been doing laundry. I could have given the offender soup. I don't recall this incident." [Dkt. 12-5]. The hearing officer found Mr. Bowling guilty of possession of intoxicants. He considered all evidence including the staff reports, offender's statement, and video evidence.

The hearing officer recommended the following sanctions that were approved: 30 day revocation of phone, commissary, and JPay privileges, and a 30 day deprivation of earned credit time. [Dkt. 12-5].

Mr. Bowling appealed to the Facility Head on January 26, 2016. The Facility Head denied the appeal on February 15, 2016. Mr. Bowling appealed to the Final Reviewing Authority, who denied his appeal by letter dated July 1, 2016. [Dkts. 12-10]. This habeas action followed.

**C. Analysis**

Mr. Bowling brings a petition for habeas relief on the grounds that: 1) the evidence was insufficient to support the guilty finding and 2) he was charged outside the time limits allowed by the Adult Disciplinary Policy ("ADP").

A challenge to violations of the ADP is not a cognizable claim under § 2254. The claim that prison authorities failed to follow the ADP before and during the challenged disciplinary proceeding is summarily dismissed as insufficient to support the relief sought by the petitioner. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the

Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Next, Mr. Bowling challenges the sufficiency of the evidence to support the guilty finding. Specifically, he argues the evidence is not supported by findings from any other offenders, the video summary does not support the conduct report, and the guilty finding is based on false evidence.

The only way the Court could rule in favor of Mr. Bowling is to accept his invitation that the Court reweigh the evidence—and that is an invitation the Court must reject**.** This is because, in reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion") (quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing

officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). Mr. Bowling is seen on video carrying a bucket to the bathroom, adding water to the bucket, offering another offender a drink of the liquid in the bucket, and spraying air freshener. This evidence is sufficient to satisfy the "some evidence" standard because a reasonable inference from this evidence is that the substance in the bucket was hooch. Mr. Bowling is not entitled to relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Bowling to the relief he seeks. Accordingly, Mr. Bowling's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/20/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

STEVEN B. BOWLING
113869
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362